*Debe anularse el auto expedido.*

CÁNDIDO GONZÁLEZ, peticionario y apelante, *v.* LA CORTE MUNICIPAL DE RÍO PIEDRAS, HON. F. MARCHÁN, JUEZ, demandada y apelada.

· No. 5886.—*Sometido:* Diciembre 2, 1932. *Resuelto:* Abril 5, 1933.

*Angel A. Vázquez,* abogado del apelante; *H. Torres Solá,* abogado del demandado en el pleito principal.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Una corte de distrito libró auto de *certiorari* para revisar la orden de una corte municipal dejando sin efecto un embargo, y después de una vista anuló el auto. No hubo controversia respecto a la jurisdicción de la corte municipal y la corte de distrito resolvió que no se cometió error de procedimiento alguno. A nuestro juicio, la corte de distrito procedió acertadamente a este respecto.

La moción para anular el embargo se basaba en falta de una fianza suficiente. Tres días antes de la vista, el demandante radicó moción para que se aprobara una fianza substituta que se acompañó a la moción. El juez municipal ordenó que se notificara la moción al demandado y que se fijara día para una vista. Ni se hizo notificación ni se fijó día.

Una vez celebrada la vista de la moción para anular el embargo, el juez municipal se reservó su resolución y señaló un día para emitir su fallo. Ambas partes comparecieron por sus abogados en ese día y el juez pospuso su decisión para otra fecha. En esa fecha los abogados de las partes comparecieron de nuevo y el juez nuevamente fijó otro día. En ese día las partes comparecieron otra vez y el juez nuevamente pospuso su fallo sin indicar cuándo lo daría. Nada hay que demuestre que en cualquiera de esas ocasiones el demandante hiciese referencia alguna a su moción solicitando que se aprobara una supuesta fianza para sustituir la originalmente prestada, o que pidiera permiso para enmendar el juramento de la justificación de garantía que el demandado había impugnado mediante una moción para que se anulara el embargo. En otra moción el demandado llamó la atención del juez municipal hacia la sección 14 de la Ley para asegurar la efectividad de sentencias, aprobada el 1°. de marzo de 1902 (Estatutos Revisados de 1911, sección 5246), que requiere una decisión inmediata de cuestiones como las suscitadas por la moción anterior del demandado, y pidió que esa moción fuese resuelta. El juez municipal entonces anuló el embargo.

Si el demandante interesaba que se resolviese su moción, debió haber procedido de acuerdo con la sección 14, supra, y a tono con la orden dictada por el juez municipal al radicarse esa moción. Si deseaba una oportunidad para enmendar las declaraciones juradas de que se trata, debió haber solicitado tal oportunidad. Él no puede mantener esas cuestiones ocultas ínterin se resuelve la única cuestión ante la corte y obtener entonces la revocación del fallo porque la corte municipal no ordene o sugiera, de propia iniciativa, una enmienda a las declaraciones juradas defectuosas.

*Debe confirmarse la sentencia apelada.*